Filed 10/23/14  P. v. Rhine CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JOHN S. RHINE,<br><br>    Defendant and Appellant. | D065449<br><br><br>(Super. Ct. No. SCD238892) |

APPEAL from a judgment of the Superior Court of San Diego County, Timothy R. Walsh.  Affirmed.

Appellate Defenders, Inc. and Loleena Ansari, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

I.

INTRODUCTION

John S. Rhine pled guilty to one count of mayhem (Pen. Code, § 203)[1] and admitted having personally inflicted great bodily injury on the victim (§ 12022.7, subd. (a)). Rhine also admitted having suffered a prior strike conviction (§§ 667, subds. (b)-(1), 668, 1170.12). The trial court sentenced Rhine to a stipulated sentence of seven years in prison.

Appointed appellate counsel filed a brief presenting no argument for reversal, but inviting this court to review the record for error in accordance with *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After having independently reviewed the entire record for error, as required by *Anders v. California* (1967) 386 U.S. 738 (*Anders*) and *Wende,* we affirm.

II.

FACTUAL AND PROCEDURAL BACKGROUND

A.    *Factual background*[2]

On January 24, 2012, the victim, Phillip Smedick, was standing in a parking lot on Sixth Avenue in San Diego. A woman asked Smedick to watch over her car while the

---

[1]    Unless otherwise specified, all subsequent statutory references are to the Penal Code.

[2]    At the change of plea hearing, Rhine agreed that the contents of the preliminary hearing transcript would serve as the factual basis for his guilty plea. Thus, our factual background is drawn from the preliminary hearing transcript.

woman took her daughters across the street.  While Smedick watched over the car, Rhine approached him.  Rhine cut Smedick on the face with a knife.[3]  Smedick went to the hospital, where he received 30 or 40 stitches. Smedick has a scar approximately five inches in length on his face from the cut.

B.    *Procedural background*

The People charged Rhine with one count of assault with a deadly weapon (§ 245, subd. (a)(1)) (count 1) and one count of mayhem (§ 203) (count 2).  As to both counts, the People alleged that Rhine personally used a deadly weapon within the meaning of section 1192.7, subdivision (c)(23), and personally inflicted great bodily injury within the meaning of sections 12022.7, subdivision (a) and 1192.7, subdivision (c)(8).  With respect to count two, the People alleged Rhine personally used a deadly weapon within the meaning of section 12022, subdivision (b)(1).  The People further alleged that Rhine had suffered one prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, 668).

On January 6, 2014, Rhine requested that the trial court relieve appointed counsel and appoint new counsel.  The court held a *Marsden* [4] hearing and denied Rhine's request. That same day, Rhine agreed to plead guilty to count 2, mayhem (§ 203), admit the great bodily injury enhancement (§ 12022.7, subd. (a)) as to count 2, and admit the prior strike conviction (§§ 667, subds. (b)-(i), 1170.12, 668)).  In exchange, the prosecution agreed to

3    Smedick stated that he did not remember very many details of the attack, explaining, "I lost a lot of my memory on that, the actual event."

4    *People v. Marsden* (1970) 2 Cal.3d 118.

3

dismiss the balance of the charges. The parties also agreed that Rhine would serve a seven-year prison sentence. The trial court held a change of plea hearing and accepted Rhine's guilty plea and admissions.

The trial court sentenced Rhine to seven years in prison in accordance with his plea agreement. The court imposed a four-year term on count 2 (mayhem) (§ 203)—the lower term of two years doubled due to the strike prior, and an additional consecutive term of three years for the great bodily injury enhancement (§ 12022.7, subd. (a)).

## III.

## DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings in the trial court. Counsel presented no argument for reversal but invited this court to review the record for error in accordance with *Wende, supra,* 25 Cal.3d 436. Pursuant to *Anders, supra,* 386 U.S. 738, counsel identified the following as possible, but not arguable, issues:

> "Did the trial court abuse its discretion and err in denying [Rhine's] *Marsden* motion?"
>
> "Is [*Rhine's*] plea constitutionally valid?"
>
> "Was [Rhine] sentenced in accordance with his guilty plea agreement?"

After this court received counsel's brief, we gave Rhine an opportunity to file a supplemental brief. Rhine has not filed a brief.

A review of the record pursuant to *Wende, supra,* 25 Cal.3d 436, and *Anders, supra,* 386 U.S. 738, including the issues suggested by counsel, has disclosed no

4

reasonably arguable appellate issue. Rhine has been adequately represented by counsel on this appeal.

## IV.

## DISPOSITION

The judgment is affirmed.

_____

AARON, J.

WE CONCUR:

_____

McCONNELL, P. J.

_____

O'ROURKE, J.